COANE v. NETTER.

(Circuit Court, E. D. Pennsylvania. July 3, 1911.)

No. 699.

1. TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNFAIR COMPETITION—PRELIMINARY INJUNCTION.

The court, in a suit based on unfair competition by the use of a label, will not order a preliminary injunction, where defendant has discontinued the use of the label and does not intend to use it again; but plaintiff may renew his motion for an injunction on defendant using the label.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lake v. Harper & Bros., 30 C. C. A. 376.]

2. TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNLAWFUL USE OF TRADE-MARK—PRELIMINARY INJUNCTION—SECURITY FOR DAMAGES.

The court, in a suit based on the unlawful use of a trade-mark, will on complainant's motion grant a preliminary injunction, unless defendant will enter into security to respond in damages if it should be determined that the trade-mark is valid and that it has been infringed.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 108; Dec. Dig. § 95.*]

In Equity. Suit by Robert Coane against David Netter. Motion for preliminary injunction conditionally denied.

Horace Pettit, for complainant.
Loughlin & Bracken, for respondent.

J. B. McPHERSON, District Judge. [1] So far as concerns the charge of unfair competition by the use of the label complained of, I do not see that the plaintiff needs protection at present. The defendant has discontinued the use of the label, and I accept his statement that he does not intend to use it again; but, if he does so use it, the plaintiff has leave to renew this motion. The jurisdiction of the Circuit Court to entertain the charge of unfair competition—both parties being citizens of Pennsylvania—need not now be determined.

[2] As to the trade-mark, "No. 6," I am unwilling to decide its validity now. No harm, I think, can be done by deferring the decision until final hearing; but I think the defendant should enter security to respond in damages, if it should be determined hereafter that the trade-mark is valid and that he has been infringing, before final decree.

It is therefore ordered that the defendant enter security within five days in $1,500, with condition as just stated. If this be done, the clerk will enter an order that the preliminary injunction is refused. If the security be not entered, a preliminary injunction will be granted, restraining the use of the trade-mark "No. 6."

I may add that one of the judges of the Circuit Court will hear this case at an early date in the fall after issue has been joined; the time to be fixed upon application.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes